UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

DANA LOREN BULKENSTEIN,

                      Plaintiff,                    14 Civ. 1812

      -against-                                      OPINION

TAPTU, INC., d/b/a or f/k/a MEDIAFED
and/or MEDIAFED, LTD., ASHLEY HARRISON,
DAVID WIGHTMAN, ERIC ROSENBERG,
and BEN NICHOLS,

                      Defendants.

----------------------------------------X

A P P E A R A N C E S:

                Attorneys for Plaintiff

                CARTER PEK, P.C.
                387 Grand Street, Suite K-203
                New York, NY 10002
                By:  Matthew A. Pek, Esq.


                Attorneys for Defendants

                BINGHAM MCCUTCHEN LLP
                399 Park Avenue
                New York, NY 10022
                By:  Douglas T. Schwarz, Esq.
                     Yasmin Fernandez-Acuna, Esq.

**Sweet, D.J.**

Defendants Taptu, Inc., d/b/a or f/k/a Mediafed and/or Mediafed, Ltd. ("Taptu"), Ashley Harrison ("Harrison"), David Wightman ("Wightman"), Eric Rosenberg ("Rosenberg") and Ben Nichols ("Nichols") (collectively, the "Defendants") have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9 U.S.C. §§ 3 & 4 to compel plaintiff Dana Loren Bulkenstein ("Bulkenstein" or "Plaintiff") to proceed to arbitration and to dismiss or stay this action.  Based on the conclusions set forth below, the Defendants' motion is granted, the Plaintiff is directed to arbitrate, and this action is stayed.

**Prior Proceedings**

Taptu and Bulkenstein entered into a letter employment agreement dated September 4, 2013 (the "Agreement") containing the following arbitration clause:

> You and the Company shall submit to mandatory and
> exclusive binding arbitration of any controversy
> or claim arising out of, or relating to, this
> Agreement or any breach hereof, provided,
> however, that the parties retain their right to,
> and shall not be prohibited, limited or in any
> other way restricted from, seeking or obtaining
> equitable relief from a court having jurisdiction
> over the parties.  Such arbitration shall be

1

> governed by the Federal Arbitration Act and
> conducted through the American Arbitration
> Association in the State of California, San
> Francisco County, before a single neutral
> arbitrator, in accordance with the National Rules
> for the Resolution of Employment Disputes of the
> American Arbitration Association in effect at
> that time.  The parties may conduct only
> essential discovery prior to the hearing, as
> defined by the AAA arbitrator.  The arbitrator
> shall issue a written decision that contains the
> essential findings and conclusions on which the
> decision is based.  You shall bear only those
> costs of arbitration you would otherwise bear had
> you brought a claim covered by this Agreement in
> court.  Judgment upon the determination or award
> rendered by the arbitrator may be entered in any
> court having jurisdiction thereof.

(Schwarz Decl. Ex. 1-A ¶ 6.)

On March 14, 2014, Plaintiff filed a complaint in this action alleging several federal and state anti-discrimination law violations arising out of her employment with Taptu, Inc. On May 27, 2014, Defendants filed a Motion to Compel Arbitration and Dismiss or Stay Proceedings.  On or about June 13, 2014, Plaintiff submitted an Amended Complaint ("AC") alleging seven additional causes of action.

The AC alleges eleven counts: (1) violations of the Americans with Disabilities Act of 1990 (the "ADA") for failure to accommodate; (2) violations of the ADA for unlawful disparate

treatment; (3) violations of the New York State Human Rights Law for disability discrimination; (4) violations of the New York City Human Rights Law for disability discrimination; (5) conversion; (6) tortious interference with existing and prospective economic relations; (7) misappropriation of confidential and protected trade secret information; (8) fraudulent inducement and fraudulent solicitation; (9) unfair and deceptive trade practices; (10) unjust enrichment; and (11) prima facie tort.

The instant motion was marked fully submitted on August 22, 2014.

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A complaint must

3

contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

## The Agreement To Arbitrate Is Enforced

When determining whether parties have agreed to arbitrate a dispute, courts consider two questions: (1) whether a valid agreement to arbitrate under the contract in question exists and (2) whether the particular dispute in question falls within the scope of that arbitration agreement. See Hartford Accident & Indem. Co. v. Swiss Reins. Am. Corp., 246 F.3d 219,

4

226 (2d Cir. 2001) (quoting National Union Fire Ins. Co. v. Belco Petrol. Corp., 88 F.3d 129, 135 (2d Cir. 1996)).

Arbitration is "strictly a matter of contract." Ross v. American Express Co., 478 F.3d 96, 99 (2d Cir. 2007) (citing Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 779 (2d Cir. 1995)). As set forth above, Plaintiff and Defendant Taptu, Inc. entered an employment agreement with an arbitration provision explicitly stating that, "any controversy or claim arising out of, or relating to, this Agreement or any breach hereof" would be submitted to "mandatory and exclusive binding arbitration." (Schwarz Decl. Ex. 1-A ¶ 6.)

In accordance with the strong federal policy favoring arbitration, "doubts as to whether a claim falls within the scope of [the arbitration agreement] should be resolved in favor of arbitrability." Hartford, 246 F.3d at 226 (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)).

Courts in this circuit have held that, where a valid arbitration clause has been found to exist, they must abstain from adjudicating employment discrimination claims (Counts 1-4)

(see generally Ragone v. Atlantic Video at Manhattan Ctr., 595
F.3d 115 (2d Cir. 2010)); conversion claims (Count 5) (see Ipcon
Collections LLC v. Costco Wholesale Corp., 698 F.3d 58, 64 (2d
Cir. 2012)); tortious interference claims (Count 6) (see, e.g.,
DiBello v. Salkowitz, 772 N.Y.S.2d 663, 665 (1st Dep't 2004) and
Bimota SPA v. Rousseau, 628 F. Supp. 2d 500, 505 (S.D.N.Y.
2009)); misappropriation of trade secret information claims
(Count 7) (see McMahan Sec. Co. v. Forum Capital Mkts L.P., 35
F.3d 82, 88-89 (2d Cir. 1994)); fraudulent inducement claims
(Count 8) (see Ipcon, 698 F.3d at 61 (quoting Buckeye Check
Cashing, Inc. v. Cardegna, 546 U.S. 440, 445 (2006))); unfair
trade practices claims (Count 9) (see Ipcon, 698 F.3d at 64);
unjust enrichment claims (Count 10) (see Robinson Brog Leinwand
Greene Genovese & Gluck P.C. v. Quinn & Assoc. LLP, 523 Fed.
App'x 761, 764 (2d Cir. 2013)); and prima facie tort claims
(Count 11) (see, e.g., Landis v. Finova Capital Corp., No. 00
Civ. 0187, 2000 WL 546985, *4 (S.D.N.Y. May 3, 2000)).

The parties agreed to conduct the arbitration through
the American Arbitration Association ("AAA") and "in accordance
with the National Rules for the Resolution of Employment
Disputes of the [AAA] in effect at that time" (Schwarz Decl. Ex.
1-A ¶ 6) and "a party who signs a contract containing an

6

arbitration clause and incorporating by reference the AAA rules
. . . cannot [later] disown its agreed-to obligation to
arbitrate all disputes, including the question of
arbitrability." Lismore v. Société Générale Energy Corp., No.
11 Civ. 6705, 2012 WL 3577833, *5 (S.D.N.Y Aug. 17, 2012)
(quoting Contec Corp. v. Remote Solutions, Ltd., 398 F.3d 205,
208 (2d Cir. 2005)) (emphasis in original).

Plaintiff has contended that a proviso in the
Agreement permits a party to "seek[] [and] obtain[] equitable
relief from a court," and that therefore she is not obligated to
arbitrate her damages claims against Defendants. (See Pl.'s
Opp'n 2.)  The Agreement requires that the parties "submit to
mandatory and exclusive binding arbitration of any controversy
or claim arising out of, or relating to, this Agreement or any
breach hereof." (Schwarz Decl. Ex. 1-A ¶ 6.)  This language "is
the paradigm of a broad clause." Collins & Aikman Products Co.
v. Building Systems, Inc., 58 F.3d 16, 20 (2d Cir. 1995).  Where
there is a broad arbitration clause, "there arises a presumption
of arbitrability" of claims. See id. at 23.

The proviso is applicable where, as here, the parties'
agreement includes restrictive covenants relating to

7

confidentiality and non-competition.  Here, the Plaintiff's
action is essentially for legal, not equitable, relief.  Every
count of the AC seeks money damages.  (AC ¶¶ 76-77; 81-82; 85,
87; 90, 92; 97; 103; 112; 122-123; 125, 127-128; 132-134; 138.)
Indeed, the AC demands "a total sum of $325,000 from Defendants
to settle the matter once and for all."  (AC ¶ 62.)  Plaintiff's
request for relief "permanently enjoining defendants from
committing any act which constitutes conduct" [sic], (see AC ¶
37 (prayer for relief "b.")) does not alter her action seeking
money damages.


    Each of Plaintiff's claims relates to her employment
relationship with Defendants, and therefore to the Agreement.
Counts 1-4, alleging unlawful discrimination under the ADA, the
New York Human Rights Law, and the New York City Human Rights
Law, can only be pled by Plaintiff in her capacity as an
employee and against Defendants as employer(s).  Count 5,
alleging conversion, relates to "Plaintiff's personal
possessions and routine and customary work-place appropriate
effects [which allegedly] were made available for use by
Defendants and [allegedly] became critical business tools of
Defendants."  (AC ¶ 94.)  Counts 6 and 7, alleging tortious
interference with existing and prospective economic relations

8

and misappropriation of confidential and protected trade secret information, are based on the allegation that Plaintiff's former immediate supervisor and manager sent Plaintiff an e-mail requesting client information.  Count 8, alleging fraudulent inducement and fraudulent solicitation, is based on alleged breaches of the Agreement.  Count 9, alleging unfair and deceptive trade practices, directs the reader to the facts and allegations previously recited in the earlier counts.  Count 10, alleging unjust enrichment, is based on Plaintiff's alleged "hard work and professional web consulting services afforded [to Defendants]."  (AC ¶ 130.)  Count 11, alleging prima facie tort, simply repeats Plaintiff's previous allegations of discrimination, fraud, and intentional theft or destruction of client relationships.  (AC ¶ 136.)

Plaintiff therefore is compelled to arbitrate her claims.  See Ramasamy v. Essar Global Ltd., 825 F. Supp. 2d 466, 471 (S.D.N.Y. 2011).

9

**The Action Is Stayed**

The FAA contemplates staying an action where claims are arbitrable and the arbitrators could conclude the Count 10, the unjust enrichment claim, nominally an equitable claim, is within the exemption language.  In any case, a stay during arbitration is appropriate.

It is so ordered.

New York, NY
October  9 , 2014

ROBERT W. SWEET
U.S.D.J.

10